[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal from the granting by the Greenwich Planning and Zoning Board of Appeals (hereinafter the "Board') of an application by the defendant Stephen C. Freidheim (hereinafter "Freidheim") for a variance to permit replacement of an existing shed/garage with a new art studio. The variances requested relate to yard dimension and height of building. The plaintiff, a neighbor of Freidheim, has made application for a restraining order pursuant to C.G.S. § 8-8 (g), without the granting of which the proceedings on the Board's decision is not stayed.[1]
The plaintiff contends that if the structure is built, it will have an adverse effect on a common well located on the defendant's property, and will cause problems with the plaintiff's water supply and water quality.
The factors which this court are to consider in determining whether to grant a restraining order are the probability of the plaintiff's success on the merits of the case, irreparable injury, and lack of an adequate remedy at law. Griffin v.Commission on Hospitals and Health Care, 196 Conn. 451, 457,493 A.2d 229 (1985); Bilik v. Zoning Board, judicial district of Stanford/Norwalk, docket No. CV95 143335 (July 5, 1995, Lewis, J.),
The first question for the court to address is whether the plaintiff has proven that there is a reasonable probability that he would succeed on the merits; in this case, that he would win the appeal. The court file lacks the record of the zoning board of appeals, and the court cannot conclude that the plaintiff CT Page 10459 would be successful, nor has the plaintiff produced sufficient evidence at the hearing on this application to carry its burden on this issue.
Furthermore, the plaintiff has not shown that he will suffer irreparable harm if the restraining order is not granted. Thomas Ahneman, a consulting engineer called by the plaintiff, testified that in his opinion the construction of the new building would have an adverse effect on the well and well equipment. However, he also testified that the manner of construction and positioning of the structure would have a bearing on whether the well would be affected. In order to find irreparable harm, there must be a showing also that the injury is imminent. Karls v. AlexandraRealty Corporation, 179 Conn. 390, 402, 426 A.2d 784 (1980). "Injunctive relief may not lie where it is predicated on the fears and apprehensions of the party applying for it or where it would be incompatible with the equities of the case. . . .; and likewise the power of equity to grant such relief may be exercised only under demanding circumstances. The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted Although an absolute certainty is not required, it must appear that there is substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm." (Citation omitted) Id. 402. It is not clear from the evidence that any harm would occur if the restraining order is not granted. As to a balancing of the equities in this case, seeMoore v. Serafin, 163 Conn. 1, 36 A.2d 238 (1972); the plaintiff's failure to prove a reasonable certainty of success in this appeal, and to demonstrate imminent irreparable harm if the order is not granted, do not tip the balance in his favor.
It must be noted that if construction is begun in pursuance of the defendant's favorable decision from the zoning board of appeals, it is done at the defendant's peril, and any construction might have to be torn down should the plaintiff prevail on this appeal. Bilik v. Zoning Board, supra. Also, the court's ruling herein does not preclude the plaintiff from seeking equitable relief in a separate action for a temporary and/or permanent injunction not related to this appeal, should the elements pertaining it become provable at some future date.
The plaintiff's application for a restraining order is denied. CT Page 10460
D'ANDREA, J.